SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
BRIAN M. DAUCHER, Cal Bar No. 174212
DARIAN NOURIAN, Cal Bar No. 359723
bdaucher@sheppardmullin.com;dnourian@sheppardmullin.com
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone: 714.513.5100
Facsimile: 714.513.5130

Mindi M. Richter, Esq., PRO HAC VICE PENDING
SHUMAKER, LOOP & KENDRICK, LLP
101 East Kennedy Boulevard, Suite 2800
Tampa, Florida 33602
Telephone: (813) 229-7600
Facsimile: (813) 229-1660

Attorneys for Plaintiff
ADAM SCHEINER, MD

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADAM SCHEINER, MD, an individual residing in Florida,<br><br>Plaintiff,<br><br>v.<br><br>GOULD PLASTIC SURGERY PROFESSIONAL CORPORATION, a California Corporation, and DANIEL GOULD, MD, an individual residing in California,<br><br>Defendants. | Case No. 2:26-cv-00238<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT [15 U.S.C. § 1114(1)];**<br><br>**(2) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN [15 U.S.C. § 1125(a)]; AND**<br><br>**DEMAND FOR JURY TRIAL.** |

Plaintiff, Adam Scheiner, MD, a Florida resident, ("Plaintiff"), by and through his undersigned attorneys, sues Defendants, Gould Plastic Surgery Professional Corporation, a California corporation, and Daniel Gould, MD, a California resident (collectively "Defendants"), and as his Complaint states as follows:

## Nature of Action

1. This is a civil action for trademark infringement and unfair competition arising under the federal Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and 1125(d). Plaintiff is an Oculoplastic Surgeon and offers a wide variety of healthcare and medical services nationwide, including, by way of example, laser eyelid surgeries and facial cosmetic surgeries. One of Plaintiff's brands for his cosmetic and plastic surgery services is RESET®. Plaintiff owns valuable rights and goodwill in his RESET® trademark, which he has used continuously since at least as early as 2011. Plaintiff also owns an incontestable United States federal trademark registration for the RESET® trademark (Registration No. 4,205,928). Plaintiff became aware that, despite his longstanding and well-established trademark rights in his RESET® trademark, Defendants began using the name RESET for the same or highly similar medical-related services. Despite Plaintiff's demands, Defendants have refused to cease and desist from their infringement and unfair competition.

## Parties

2. Plaintiff, Adam Scheiner, MD, is an individual residing in the State of Florida, with a principal place of business in Tampa, Florida.

3. On information and belief, Defendant, Gould Plastic Surgery Professional Corporation, is a California corporation with its principal place of business located in Beverly Hills, California.

4. On information and belief, Defendant, Daniel Gould, MD, is an individual residing in the State of California.

5. On information and belief, Defendant Dr. Gould controls and is the founder and owner of Defendant Gould Plastic Surgery Professional Corporation.

6. On information and belief, Defendants do business in and provide services in the State of California under their infringing mark, including in this District.

7. On information and belief, Dr. Gould has individually engaged in the infringing actions complained of herein and also supervises and controls the actions of Defendant Gould Plastic Surgery Professional Corporation and has been directly involved in and directs and approves infringing actions complained of herein.

**Venue**

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (2) because a substantial part of the events giving rise to the claims asserted in this Complaint occurred in this judicial district and Defendants reside in this judicial district.

**Subject Matter Jurisdiction**

9. The claims of trademark infringement and unfair competition asserted in this action arise under the provisions of the Lanham Act, 15 U.S.C. § 1501 *et seq*. This Court has original jurisdiction over these claims pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a).

**Common Factual Allegations**

10. Plaintiff is an award winning and nationally known laser eyelid and facial cosmetic surgeon.

11. One of Plaintiff's brands for his cometic procedures is RESET®.

12. Plaintiff has been providing such services under the RESET® trademark since at least as early as 2011.

13. For many years, Plaintiff has expended a great deal of time and funds building and promoting the business operated under the RESET® name and mark, resulting in substantial goodwill and consumer recognition.

14. While located in Florida, Plaintiff provides his medical services to patients from all over the country and around the world.

15. Plaintiff is the owner of a registration with the United States Patent and Trademark Office ("USPTO") for RESET® for "cosmetic and plastic surgery," a true and correct copy of the certificate for which is attached hereto as **Exhibit 1**.

16. This registration is valid and subsisting, incontestable, and has not been cancelled, revoked, or abandoned. Plaintiff's mark is referred to herein as the "Mark."

17. As a result of Plaintiff's provision and advertising of his services under the Mark, the widespread sale and rendition of such services to the public under the Mark, and the quality services rendered and sold under the Mark, such services have come to be, and now are, well and favorably known to the trade and public under the Mark. The Mark is a means by which such services are identified as being rendered by Plaintiff.

18. As a result of Plaintiff's sales and advertising of his services under the Mark, and the quality of the services rendered under the Mark, valuable goodwill in Plaintiff and the medical practice as represented by the Mark has been generated. The goodwill is symbolized by the Mark, and Plaintiff is the owner of the goodwill in the Mark.

19. Despite Plaintiff's common law rights and federal trademark registration for the Mark, Plaintiff became aware that Defendants began using the name RESET for cosmetic medical procedures, such as for example, offering a cosmetic facelift procedure referred to as "The Reset Lift," "The Reset Facelift," and the "Reset Deep Plane Facelift."

20. Such uses by Defendants are not merely descriptive or fair uses of the term "reset," but rather uses as a trademark and brand for a cosmetic procedure offered by Defendants.

21. As a result, Plaintiff sent Defendant a letter in May 2025, informing them of the potential confusion and demanding them to cease use of RESET as a trademark or brand.

22. After a series of back and forth communications, Defendants continued to refuse to cease use of the mark and agreed only to make some smaller changes in how they use the mark on their website.

23. Since the parties' initial correspondence, Defendants have further expanded their use of the Mark, including prominent use throughout social media.

24. By virtue of the foregoing, Defendants are infringing upon Plaintiff's Mark and unfairly competing with Plaintiff. Defendants' use in connection with their business has been and is likely to continue to cause confusion, mistake, or deception among the trade and the public.

25. Despite Plaintiff's demands that Defendants cease and desist from the infringement, Defendants have intentionally, willfully, actively, and deliberately refused to comply, have not ceased and desisted from the wrongful use of the mark, and have

intentionally and deliberately persisted in the infringement of Plaintiff's trademark rights and unfair competition with Plaintiff.

26. Defendants' intentional infringement of Plaintiff's Mark and unfair competition is causing irreparable injury to Plaintiff, and, unless the injunction sought in this Complaint is granted, will continue to cause irreparable injury to Plaintiff due to the confusion, mistake, and deception that will be and has been generated among the trade and the public. Plaintiff has suffered and will continue to suffer damage, the exact amount of damage being unknown to Plaintiff at this time. The damage to Plaintiff is, and will continue to be, irreparable because, among other reasons, of the continuing nature of the trademark infringement and unfair competition which would necessitate a multiplicity of suits for damages if the continuance of the wrongs is not enjoined.

27. All conditions precedent to the institution and maintenance of this action have occurred or been performed by Plaintiff.

28. Plaintiff has engaged the law firm of Shumaker, Loop & Kendrick, LLP to represent him and is obligated to pay his attorneys a reasonable fee for their services in this action.

## COUNT I

### Federal Trademark Infringement

29. Plaintiff realleges paragraphs 1 through 28 of this Complaint as if fully restated herein.

30. This is an action for an injunction arising under 15 U.S.C. §§ 1114 and 1116, and for damages arising under 15 U.S.C. §§ 1114 and 1117.

31. Defendants have, by virtue of their above-described acts, infringed upon Plaintiff's rights in his federal trademark registration in violation of 15 U.S.C. § 1114.

32. Defendants' above-described acts of infringement have been committed, and are continuing to be committed, willfully and with the knowledge that their above-described mark is intended to be used to cause confusion, or to cause mistake, or to deceive.

33. Defendants' above-described acts of infringement have caused irreparable injury to Plaintiff and will continue to cause irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violating Plaintiff's trademark rights due to the confusion, mistake, or deception that will likely be generated among the trade and the public as a consequence of the above-described acts of infringement. Plaintiff has no adequate remedy at law.

34. As a result of the above-described intentional and deliberate infringement of Plaintiff's trademark rights by Defendants, Plaintiff is entitled to an injunction and an award of Defendants' profits, up to three (3) times any damages sustained by Plaintiff, costs of this action, and attorneys' fees, all as set forth in 15 U.S.C. §§ 1116 and 1117, subject to the discretion of this Court.

## COUNT II

### Federal Unfair Competition

35. Plaintiff realleges paragraphs 1 through 28 of this Complaint as if fully restated herein.

36. This is an action for an injunction arising under 15 U.S.C. §§ 1125 and 1116, and for damages arising under 15 U.S.C. §§ 1125 and 1117.

37. Defendants have, by virtue of their above-described acts, infringed upon Plaintiff's federally registered and common law rights in the Mark and are competing unfairly with Plaintiff by falsely designating Defendants' services as originating with Plaintiff or with a concern legitimately connected with Plaintiff in violation of 15 U.S.C. § 1125.

38. Defendants' above-described acts of infringement and unfair competition have been committed, and are continuing to be committed, willfully with the knowledge that their above-described marks are intended to be used to cause confusion, or to cause mistake, or to deceive.

39. Defendants' above-described acts of infringement and unfair competition have caused irreparable injury to Plaintiff and will continue to cause irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violating Plaintiff's trademark rights and competing unfairly with Plaintiff due to the confusion, mistake or deception that will likely be generated among the trade and the public as a consequence of the above-described acts of infringement and unfair competition. Plaintiff has no adequate remedy at law.

40. As a result of the above-described intentional and deliberate infringement of Plaintiff's trademark rights and unfair competition by Defendants, Plaintiff is entitled to an injunction and an award of Defendant's profits, up to three (3) times any damages sustained by Plaintiff, costs of this action, and attorneys' fees, all as set forth in 15 U.S.C. §§ 1116 and 1117, subject to the discretion of this Court.

WHEREFORE, Plaintiff demands judgment against Defendants for:

(a) an injunction preliminarily during the pendency of this action and thereafter permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, from infringing Plaintiff's trademark rights and unfairly competing with Plaintiff in any manner whatsoever in connection with the operation of their business, and from continuing to operate their business in any manner tending to confuse or deceive the public into believing that their business is in any way connected with, sponsored by, or affiliated with Plaintiff;

(b) an order directing Defendants to file with the Court and serve upon Plaintiff a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction entered by the Court within thirty (30) days after the entry of the injunction in compliance with 15 U.S.C. § 1116(a);

(c) an accounting of Defendants' wrongfully derived profits and an order that the same be paid over to Plaintiff;

(d) up to three (3) times any damages sustained by Plaintiff;

(e) interest on such profits and damages at the highest rate allowed by law;

(f) costs of this action;

(g) attorneys' fees; and

(h) such other relief as the Court may deem just and appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, by and through his undersigned attorneys, hereby demands a jury trial on all issues triable as of right by a jury.

Dated: January 9, 2026

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By *\/s/ Brian M. Daucher*
BRIAN M. DAUCHER

Attorneys for Plaintiff
ADAM SCHEINER, MD